UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19CR562 CDP/NAB |
| | ) | |
| EDDIE EARL JOHNSON. | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO MODIFY CONDITIONS OF RELEASE

COMES NOW, Defendant, by and through counsel, and requests this honorable Court modify the conditions of his release to allow him to travel in the Southern District of Illinois for employment-related activities. In support, Defendant states:

Prior to being arrested on the instant case, Mr. Johnson was gainfully employed, but lost his job as a result of not showing up for scheduled work shifts during the time he was in jail. Mr. Johnson still has other work opportunities through Blue Crew, a staffing service through which had previously worked. However, these opportunities are often in the Southern District of Illinois, require a certain application process, and often give him little notice of when they arise.

One such opportunity has arisen this week for a production manager position based out of Highland, IL. Mr. Johnson believes it is a good fit for his current skillset and experience, but one of the requirements is that he be able to travel to Highland, IL for an interview this week, and that he can start work on Monday of next week. Mr. Johnson is

1

very excited about this position and does not want to pass it by if given the opportunity to interview and potentially work in this position.

Counsel has corresponded with Mr. Johnson's pretrial officer via email, who has advised counsel that an order of the Court would be needed in order that Mr. Johnson may be able to travel. He further advised counsel that he will be out of the office until August 12th, and thus would not be available to give Mr. Johnson permission prior to that even if he were empowered to do so.

Mr. Johnson is doing everything he can to find gainful and lucrative employment so that he can comply with the condition of release, provide for his children, and continue to be a productive member of society while on pretrial release. However, the pendency of the instant case has created an obstacle that he is finding difficult to overcome when potential employers learn of it. If Mr. Johnson is to find employment in his industry, he needs to be able to have a certain degree of flexibility to travel a very limited amount to interviews and to accept positions outside of St. Louis proper.

Prior to Mr. Johnson's release, undersigned counsel spoke with his supervisor at his previous job who described Mr. Johnson as an excellent and dependable worker, and who felt disappointed that he did not have more control over his own ability to keep Mr. Johnson's job open for him while he was incarcerated. From this, combined with counsel's own conversations with Mr. Johnson, it seems Mr. Johnson is a person who takes considerable pride in his work, and his ability to work and provide for his family is also important to maintenance of his mental health during the time that this case is pending.

The areas in which Mr. Johnson is looking for employment are all areas within an hour of, and essentially suburbs of St. Louis, even though they happen to be in another jurisdiction.

Mr. Warren has given Mr. Johnson both a cell phone number and an email address. Mr. Johnson can very easily text Mr. Warren or send him an email with the details as to where he is going to be if he leaves the Eastern District of Missouri for an interview, and also where he is going to be and his exact schedule if he finds regular employment outside of the Eastern District of Missouri. Modifying the condition to allow Mr. Johnson to go outside of the Eastern District of Missouri and into the Southern District of Illinois for purposes of employment only will significantly increase Mr. Johnson's ability to find gainful, lucrative, and productive employment, and cause no real additional risk of flight or danger to society as a result of Mr. Johnson's conditions of release.

Due to the fact that Mr. Johnson contacted undersigned counsel tonight about this employment opportunity and the timing of the instant motion was somewhat urgent, counsel has not yet discussed the instant motion with the AUSA or determined his position on this request.

WHEREFORE, for the foregoing reasons counsel respectfully requests that the conditions of Mr. Johnson's release be modified to allow him to travel to and within the Southern District of Illinois for purposes of employment.

Respectfully Submitted,

/s/ Kathryn B. Parish, 61781MO
Attorney for Defendant Eddie Earl Johnson
CARLYLE PARISH, LLC
3407 Jefferson, #128
Richmond Heights, MO 63118
314-277-7670
Fax: 866-764-1249
Email: Kay@carlyleparishlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed via the court's electronic filing system on this 6th day of August, 2019 to be served upon all attorneys of record.

/s/ Kathryn B. Parish