UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19CR562 CDP/NAB |
| | ) |
| EDDIE EARL JOHNSON. | ) |
| | ) |
| Defendants. | ) |

**Motion to Dismiss Indictment As Void For Vagueness**

COMES NOW, Defendant, Eddie Earl Johnson, and moves this honorable Court to dismiss the indictment against him as void for vagueness, and in support states:

**Factual Background**

Eddie Earl Johnson is charged with having possessed, "one or more conversion devises designed and intended solely and exclusively for use in converting a weapon into a machinegun." [DOC. 2]. Specifically, based on the indictment and discovery provided by the government, it is alleged that Mr. Johnson ordered from a website called "wish.com" a number of devices commonly known as "glock switches." According to the government, these tiny devices that resemble a computer chip of sorts and can be inserted into a pistol in order to convert it to a machine gun. The devices were allegedly intercepted when shipped into the country during a border search, seized by agents, then subsequently, delivered in Mr. Johnson's mailbox at his home. Mr. Johnson was arrested shortly after checking the mail that day.

1

## Legal Standards In Vagueness Challenges

An "essential" feature of the Fifth Amendment's due process guarantee is "[t]he prohibition of vagueness in criminal statutes." *Sessions v. Dimaya*, ––– U.S. ––––, 138 S. Ct. 1204, 1212, 200 L.Ed.2d 549 (2018). A law is unconstitutionally vague if it (1) "fails to provide a person of ordinary intelligence fair notice of what is prohibited," or (2) "is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008); see also *Kolender v. Lawson*, 461 U.S. 352, 357 (1983) ("[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."). Vague statutes are dangerous to democracy in that they, "threaten to hand responsibility for defining crimes to relatively unaccountable police, prosecutors, and judges, eroding the people's ability to oversee the creation of the laws they are expected to abide." *United States v. Davis,* 139 S. Ct. 2319, 2325, 204 L. Ed. 2d 757 (2019).

A law is unconstitutionally vague due to a lack of fair notice when the law fails to give a "person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108–09 (1972). A law is unconstitutionally vague due to arbitrary enforcement concerns if it leaves judges, jurors or law enforcement "free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case." See *Beckles v.*

*United States*, ––– U.S. –––, 137 S. Ct. 886, 894, 197 L.Ed.2d 145 (2017) (quoting *Giaccio v. Pennsylvania*, 382 U.S. 399, 402–03 (1966)).

There are two types of challenges under the void-for-vagueness doctrine. First, a law is vague on its face where that a law is vague "not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all." *See Coates v. City of Cincinnati*, 402 U.S. 611, 614 (1971). At times, the Supreme Court has required a defendant making a facial vagueness challenge to "demonstrate that the law is impermissibly vague in all of its applications." *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 497 (1982). More recently, however, the Supreme Court has clarified that a law may still be unconstitutionally vague on its face even if "there is some conduct that clearly falls within the provision's grasp." *Johnson v. United States*, ––– U.S. –––, 135 S. Ct. 2551, 2561, 192 L.Ed.2d 569 (2015).

The second type of challenge under the void-for-vagueness doctrine is an as-applied challenge. *See F.C.C. v. Fox Television Stations, Inc.*, 567 U.S. 239, 258 (2012) (holding that regulation forbidding fleeting expletives and nudity in broadcasts was unconstitutionally vague as applied to multiple broadcast companies). In an as-applied challenge, the court may "leav[e] aside any concerns about facial invalidity," and asks only whether the law in question is impermissibly vague as to the conduct of the specific challenger. See *id.* at 254. In other words, courts ask (1) whether the law is sufficiently clear and definite to give notice to the specific defendant that his or her actions were

prohibited and (2) whether vagueness in the law resulted in it being applied arbitrarily to the defendant. *See id.*

Mr. Johnson is charged with illegally possessing a machine gun under the subpart of the statute that includes under the definition of the term machine gun, "any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun." 26 U.S.C. 5845.  Both facially and as applied, this subsection of the statute is unconstitutional

I. **The Statute Is Facially Invalid Under The Void For Vagueness Doctrine**

The language of the statute above criminalizes the possession of a "part" which, it states in the passive voice, is "designed and intended solely and exclusively" for a particular purpose.  The language of the statute itself seems to leave open who's "design" and/or intent it is referring to.  Is it the design the person who originally came up with an idea that matters?  Or the design of the original person who came up with a particular model? Or the person who finalized the design prior to getting a patent or manufacturing it?  And as to the intent, again, who's intent matters?  Is it the intent of the inventor, the manufacturer, or the person found in possession of the allegedly illegal device?  Or does the inclusion of the word "solely" mean that the intent of each and every person involved – the inventor, those who contributed to any changes or modifications of the design, the manufacture and the person alleged to have possessed the device must have all had the same intent.  If a nineteen year old intern who suggested the device be painted blue has in his mind that he can't wait for these things to get on the market because adding one to his paintball gun is going to help him dominate the game, does that mean it was no longer

4

"intended . . . solely and exclusively . . . for use in converting a weapon into a machine gun"?

Those charged with interpreting that language in this statute and in other similar statutes have been unable to agree on the precise meaning of the language, and what is required for a person to be found guilty. The ninth circuit has consistently interpreted similar language in another provision of the statute as requiring it be shown that the defendant intended to use the device for that purpose. *See United States v. Fredman*, 833 F.2d 837, 839 (9th Cir. 1987); *United States v. Peterson*, 475 F.2d 806, 810 (9th Cir.1973); United States v. Oba, 448 F.2d 892, 895 (9th Cir.1971); *United States v. Loud Hawk*, 628 F.2d 1139, 1146 (9th Cir.1979). The Fifth Circuit, avoided the issue of whether similar language required a jury to find the defendant's intent, stating only that the language in the instruction which required a jury to find that a device was, "designed or intended for use in converting any device into a destructive device" was sufficient to require a jury to find design or intent. *United States v. Price*, 877 F.2d 334, 338 (5th Cir. 1989). Other Courts have specifically rejected the requirement that the language requires a finding as to how the defendant intended to use the device. *United States v. Syverson*, 90 F.3d 227, 230–31 (7th Cir. 1996)(finding that §5845 is a definitional statute, not meant to define the mental state, and therefore only the manufactures is intent in defining the object). In analyzing the question, the ATF has focused on the question of design of a device, seemingly reading the terms "design" and "intend" to mean the exact same thing. See ATF Rul. 2006-2 (2006)(attached as exhibit A).

This has created a situation where the language of the statute, "hand[s] responsibility for defining crimes to relatively unaccountable police, prosecutors, and judges, eroding the people's ability to oversee the creation of the laws they are expected to abide." *Davis,* 139 S. Ct. 2319 at 2325. But if courts and the ATF can't agree on what the language of the statute defines as legal and illegal, how could a person of ordinary intelligence lot intimately involved in the enforcement of laws? The Supreme Court has recently recognized that the inability of courts to clearly interpret the terms of a statute is evidence of vagueness. See *Johnson*, 135 S. Ct. at 2558 ("[T]his Court's repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause confirm its hopeless indeterminacy.") The statute is void for vagueness and the indictment should be dismissed.

## II.     The Statute Is Vague As Applied In This Case.

It is alleged that Mr. Johnson ordered the device in question from a website called "Wish.com." In an interview with prosecutors, Mr. Johnson was alleged to have told prosecutors that he intended to use these devices with an airsoft gun, and that the wish.com website advertised these devices specifically for that purpose. Though it does not appear possible to obtain these devices from wish.com today, it seems that advertising products often used for regular firearms as products intended for airsoft guns is part of "wish.com"'s marketing strategy. See Zimmerman, Dan. "Gun Gear: Watch Out For Cheap Chinese Knock-Offs". May 6, 2019. Available at https://www.thetruthaboutguns.com/ gun-gear-watch-out-for-cheap-chinese-knock-offs/

(last accessed, Feb 20, 2020)(attached as exhibit B[1]). This is a case where the vagueness of the term "intent" certainly comes into play. If the Defendant's "intent" is for use in what is essentially a toy gun and the seller's "intent" is advertised as being the same, is a Defendant still guilty of a crime if an inventors, designers, or manufacturers intent was different?

Similar issues surround the issue of "design." On information and belief, products coming from websites like wish.com, such as the particular products in this case, may generally be lower quality products not well-suited for sustained use in regular pistols, and may be better suited for toy or airsoft guns designed to function similarly to and resemble regular pistols. Additionally, Glock has a licensed version of its products in airsoft. See Exhibit C (available at https://www.umarexusa.com/glock). If the design of the "part" itself is such that it functions in airsoft pistols just as well as in regular Glock pistols, can it be said that it is "designed and intended . . . "solely and exclusively . . . for use in converting a weapon into a machine gun"?

The language of the law does not answer these questions. The statute is vague as applied to Mr. Johnson and the indictment should be dismissed.

---

[1] A number of formatting errors occurred in attempting to print the article or otherwise convert it to PDF format.

## Conclusion

WHEREFORE, for the foregoing reasons Defendant respectfully requests that the indictment be dismissed; Or, in the alternative, if the Court believes it is necessary to hear evidence on the as-applied challenge, that the case be set for a hearing so that evidence as to this issue may be heard.

Respectfully Submitted,

/s/ Kathryn B. Parish, 61781MO
Attorney for Defendant Eddie Earl Johnson
CARLYLE PARISH, LLC
3407 Jefferson, #128
Saint Louis, MO 63118
314-277-7670
Fax: 866-764-1249
Email: Kay@carlyleparishlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed via the court's electronic filing system on this 27th day of February, 2020 to be served upon all attorneys of record.

/s/ Kathryn B. Parish