UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19CR562 CDP/NAB |
| | ) |
| EDDIE EARL JOHNSON. | ) |
| | ) |
| Defendants. | ) |

**Motion To Suppress Evidence And Statements**

COMES NOW, Defendant, Eddie Earl Johnson, and moves this honorable Court to Suppress any evidence derived from the search of his home on May 16, 2019, any evidence derived from the search and seizure of his phone, and any statements made by Mr. Johnson to officers on that day.  In support Defendant states:

**Factual Background**

According to discovery provided by the Government, after a border search in Chicago revealed the presence of what agents believed to be illegal Glock conversion devices in certain packages allegedly addressed to Eddie Earl Johnson, a controlled delivery of those packages to Mr. Johnson's home was arranged. A search warrant of the home was sought and issued, and the warrant was conditioned on it not being valid until such time as the conversion devices reached the threshold of the home. The warrant was signed by the magistrate on the morning of May 16, and executed later that day. During the course of the search of the home, the subject parcels were retrieved, as well as a pistol

1

and certain ammunition and other gun parts, as well as certain documents and receipts. Officers questioned Mr. Johnson and in the course of that questioning seized his cell phone from his person. They claimed that he gave permission for them to seize and search the cell phone.  It is counsel's understanding that the Government intends to use all of the evidence derived from the search and seizure in its case and chief against Mr. Johnson.

## I. The Warrant Was Invalid

### A. The Warrant Lacked Particularity.

The Fourth Amendment states unambiguously that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S.Const.Amend.4. "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, ***nothing is left to the discretion of the officer executing the warrant.***" *Marron v. United States*, 275 U.S. 192, 196 (1927). *See Stanford v. Texas*, 379 U.S. 476 (1965).  The particularity requirement of the fourth amendment was designed to guarantee that government agents could no longer rely on indiscriminate or overbroad warrants to engage in "general, exploratory rummaging in a person's belongings." *Id.*; *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971).

In this case, the warrant gave unbridled discretion to agents to search and seize anything that could have evidentiary value.  The language of the warrant broadly

authorized the search for and seizure of, "any and all items which constitute evidence, fruits, and instrumentalities of violations of Title 26, section 5861(d)(possession of an unregistered machine gun); Title 26 5861(i)(possession of a machine gun without a serial number); Title 18, Section 922(a)(1)(A)(importation of firearms), [and other specified crimes], including but not limited to [certain specifically listed items]."

A search based on a warrant that does not describe with particularity the things to be seized is "plainly invalid." *Groh v. Ramirez*, 540 U.S. 551, 557 (2004). In this case, it is immaterial that the warrant went on to list certain specific items to be searched for. The broad language authorizing officers to seize anything they deemed of evidentiary value authorized exactly what the particularity language of the Fourth amendment was designed to prohibit – a broad, sweeping search that left everything to the discretion of the officers.

Even to any extent the items seized may have constituted items specifically listed as authorized, the search was still invalid: "Whether a *search warrant* is constitutional does not depend on the accidental possibility that the search may ultimately be conducted in a manner consistent with the application. If a warrant fails for lack of particularity or specificity, it is simply unconstitutional—without regard to what actually occurred." *United States v. Hotal*, 143 F.3d 1223, 1227 (9th Cir. 1998).

Nor is this a case where the good-faith exception applies. In *Leon*, the Supreme Court held that the suppression of evidence will continue to be appropriate "if it can be said that the law enforcement officer had knowledge, or may properly be charged with

3

knowledge, that the search was unconstitutional under the Fourth Amendment." *United States v. Leon*, 468 U.S. 897, 919 (1984).  In this case because of the broad language authorizing the seizure of "any and all evidence" of certain crimes, the good-faith exception could not be relied on.

### B.  Once The Parcels Were Seized, The Warrant Was No Longer Valid.

The authority of the warrant was contingent on the delivery of the parcels allegedly containing illegal parcels.  The contingency of this event indicates a finding by the magistrate judge that aside from the delivery of those controlled parcels, there was insufficient evidence of probable cause to support a finding that any other evidence of criminality existed inside the home. "The critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1978); *see also United States v. Savoca*, 739 F.2d 220, 225 (6th Cir.1984) ("[T]he existence of probable cause to arrest will not necessarily establish probable cause to search.").

In this case, the only evidence linking any criminality to the home in question was the fact that the two parcels in question had been sent there. The affidavit included a list of other items that had allegedly been ordered from the same website.  That list included things that had been described as "footwear . . . wigs . . . jeans . . . hair samples."  The affiant suggested in the affidavit that illegal conversion devices are often mislabeled when declared, but the affidavit also established in this case that the two parcels seized

4

had been described as "metal" and a "switch."  The list of additional items seized gave no reason for believing that other documents of evidentiary value would be seized there. The affidavit thus gave no indication of any evidence that Mr. Johnson or anyone else had ordered any illegal devices prior to this. Primarily it established that Mr.Johnson used the address in question as his home address. This is not sufficient to establish probable cause.

On information and belief, the parcels in question were seized shortly after officers entered the home.  Any subsequent search was not authorized by the warrant, and any further items must be suppressed.

**C. Any evidence seized from Eddie Johnson's person or statements he made, including any permission he allegedly gave to search his phone, were fruit of the poisonous tree and must be suppressed. Alternatively, any evidence seized from Eddie Warren's person or statements made, including any permission he gave to search his phone, were involuntary and the product of coercion and must be suppressed.**

"Verbal statements  obtained as a result of a Fourth Amendment violation are as much subject to the exclusionary rule as are items of physical evidence discovered during an illegal search." *U.S. v. Yousif*, 308 F.3d 820, 832 (8th Cir. 2002) (citing *Wong Sun,* 371 U.S. 471, 485 (1963) ("the Fourth Amendment may protect against the overhearing of verbal statements as well as against the more traditional seizure of 'papers and effects'").  The government has the burden to show that the evidence is not "the fruit of the poisonous tree." *United States v. Johns*, 891 F.2d 243, 245 (9th Cir.1989)

5

Moreover, any waiver of Mr. Johnson's miranda rights was not in any case knowing and voluntary, any statements or permission he gave was coerced, and any search of his person was not authorized by law.

## Conclusion

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that all evidence and statements obtained on May 16, 2019, be suppressed, and further that evidence obtained from the later search of his telephone be suppressed.

Respectfully Submitted,

/s/ Kathryn B. Parish, 61781MO
Attorney for Defendant Eddie Earl Johnson
CARLYLE PARISH, LLC
3407 Jefferson, #128
Saint Louis, MO 63118
314-277-7670
Fax: 866-764-1249
Email: Kay@carlyleparishlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed via the court's electronic filing system on this 27th day of February, 2020 to be served upon all attorneys of record.

/s/ Kathryn B. Parish